83,870-01

IN THE 396 THE DISTRICT COURT
OF TARRANT COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 22 2015

EXPARTE

FINNIS DAVIS II

NO. C-396-010409-1199412-A

## INTRODUCTION

The applicant objects to the states reponse in opposstions to applicants application for writ of habeas corpus. The states proposed findings of fact conclusions of law as well as applicant trial counsel affidavit in response as being unsupported by the record. The applicant believes the trial court did adopt verbatim the proposed findings of fact and conclusions of law made by the state which seem to "Parrot" trial counsel affidavit Rather than having been found within the applicant record. Therefore the applicant cites: Ex Parte Reed, 271 S.W. 3d. 698 (Tex Cr. App 2008).

## Bias Shown by Affidavit

In general, the applicant object to the trial counsel affidavit as a whole, because it is unsupported by the record. The applicant strongly believes trial counsel affidavit speaks to the vindictive nature trial counsel attached to the fact, supported by applicant writ of habeas corpus NO-C-396-010409-1199412-A, that the applicant filed (IAC) claim on William S Harris, also applicant feled complaint against Mr. Harris unProfessional conduct during applicant trial with the state-Bar of Texas in Aug 09,2012 BODA CASE NO. 50679 as well.

①

IN THE 396th DISTRICT COURT
OF TARRANT COUNTY, TEXAS

EXPARTE

NO. C-396-010409-1199412-A

FINNIS DAVIS II

## APPLICANT'S OBJECTIONS TO THE COURT
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now FINNIS DAVIS II Files Applicant's objections to the court's Findings of fact and conclusions of law would show as follows:

## I.

## DEFICIENT PERFORMANCE

Ground for relief ONE: Trial court found that counsel Mr. Harris made reasonable trial strategy decision not to hire a ballistics expert or present ballistics evidence in this case. State said applicant present no evidence that saudi Taylor committed perjury about how many shots were fire. Applicant contents he showed that Ms Taylor did committed Perjury from the record that only one 1 bullet was found at the crimescene. (RRNo.3,PP13) Mr. Harris said based on his experience that people being shot at frequently do not recall correctly how many shot were fired. Mr. Harris concluded that Ms Taylor's account of the incident

was not inconsistent with the evidence. That is unsupported by the record. Also counsel Harris is saying he is believing that the applicant shot more that one time. When the evidence for the record shows that one projectile was recoved. see (RR, Vol. 3 P 63) Ms Taylor said applicant shot over five times see (RR, Vol. 4 P 64-68) Ms. Taylor statement was not corrobareted by the evidence. see — office christopher Bains testimony revealed that no-bullets or bullet holes were found even after searching the complete designated crime area see (RR, Vol. P 228:17-25) It's nothing consistent with Ms Taylor account of the incident. For Mr. Harris to say something like that shows how much Mr Harris investigated this case. Also when Taylor said them statement that the applicant shot over-five-times at them while they was in Mr Roney car see (RR, Vol. 4 P 64-69) it tainted the Jury mines, because counsel Mr. Harris did not object to that so the Judge could tell the Jury. disregard them statements Them statements <u>Harm</u> Applicant because the Jury was thinking that the applicant was shooting that many-times, as the same way as the Second court of Appeals did because in their memorandums opinion they use them same statements to affirmed the applicant conviction. Also Second court of Appeals relied on them statements that applicant shot multiple times to show applicant intended to Kill both Taylor and Roney.

Mr. Harris conlueded that it was possible that some of the shots either missed the car entirely or passed through the open windows. Yes Mr. Harris came-up with these theory of what happened to the other bullets. This is deficient Performance by Mr Harris, because applicant contents that a 1 year before trial was even set also before trial started applicant not only told Mr Harris he didnt shot Mr Roney. Also applicant had drew a mape of the crime scene telling Mr Harris why state found one bullet because applicant only shot one time Mr Harris try'd to make it look like his own client was shooting more than one-time Mr Harris destroyed the the applicant credibility of Just shooting one-time. Also In Mr. Harris affidavit P.3 Mr Harris said the crime scene search officer testified that both front windows and the sunroof of Mr. Roney car were open. Thus it was quite possible that some of the shots either missed the car entirely or Passed though the open windows on both sides of the care. This statement is unsupported by the record see (RR. VOl. 4, P 228 5-15) line 5 Q The windows in the vehicle were open is: line 6 that correct?: 7 A not all of them: 8 Q which one was closed ?: 9 A. The rear windows on the two rear door: 10 Q both rear doors?: 11 A. Yes: 12 Q But with the two front door windows open: 13 there at least a poss-ibility that other shots may have: 14 Pass completely through the car with-out striking: 15 ANY-thing: 16 A Yes. But the fact still stands that the crime scene search officer found only one bullet see (RR. Vol 4 P 201 :5-9).

④

so were did all the bullets go to. First of Mr. Taylor did not say applicant shoting in the air Ms Taylor said applicant shot at them while they were inside the Vehicl see(RR1 vol. 4 P64-68) Now If that applicant shot over five time at the car and even he miss. were did the shots go to? A ballistic expert would have presented the Jury with conflicting evidence as to the number of shots actually fired during the commission of the crime would have undermined Ms Taylor number of shots. She said was fired at them by the applicant. Now about the guN shot residue Mr Harris said is detectable only on the hands of people who have fired a gun how do Mr Harris know this, he's not a ballistic expert. Did Mr. Harris get that inforamtion from a ballistic expert. if so Mr Harris should had the Ballistic expert to do affidavit to that statements. Also This finding ignores the case law holding unquivocaly that neither a lay nor an expert witness properly testify to an opinion that another person is telling the truth or lying. A testimony like that could not have help. applicant under any theory.

⑤

Ground for relief Two: Trial court concluded there is no evidence that Mr. Harris should have made a Batson challenge. But for the counsel failures to properly object by requesting a Batson challenge to the striking of the only [T]hree African-American Jurors who were stricken with-out cause on in the very least could have requested a shuffling of the Jury-Pool denid the applicant a constitutional right Guaranted by the 5th and 14th Amendment of the constitution to be tried by a fair impartial Jury consisting of fair demographic of the racial make-up of the the county from which he is being tried Tarrant county is not all-whites?

Ground for relief Three: Trial court found that counsel Mr. Harris made reasonable trial strategy decision not to request a competency hearing after applicant return from the state hospital Mr. Harris relied exclusively on the report from vernon state hospital when in Fact Mr. Harris had more sources other, evidence take into condsider then Just the state hospital findings ① Applicant been diagnoss with Psyshotic-disorder from every expert that evaluate applicant. ② Applicant had a long history of mental illness problems and being a Patient with Tarrant county MHMR service from some years. ③ In 2007 til 2010 applicant was receiving a SSI check from the United State social security adminstration for having a mental

⑥

illness dieas. Applicant was admitted to state hospital then 32 days later an evaluation from the state hospital declares applicant competent to stand trial. Such circumstance should have prompted Mr. Harris to request an competency hearing or at-least have the two psychologist that rendered applicant competent to re-evaluate their prior findings.

Ground for relief Five: Trial court found that counsel Harris made reasonable trial strategy decision for the treatment of the threatening letter and Trial court concluded Applicant present no-evidence to who wrote the Threatening letter. This is a miss-statement of the facts. Applicant contents he presents evidence that Ms Taylor wrote or had some-one to write the letter in the state Habeas Exhibit on this ground Mr. Harris said even if Ms Taylor had directed the writing of the letter, in light of what happened to her "he" did not think that drawing-out fact - that she had written this letter or solicited it's writing would benefit the applicant. This statement of Mr. Harris shows Bias it's obivous Mr.— Harris wasn't going to help the applicant. Mr. Harris had already Pre-Judge is on client on the offense. The applicant didn't stand a chance - with Mr. Harris as his laywer. This threatening letter would have show the vindictive nature of Ms Taylor and show how she proovotles and Play head games with applicant

①

and show her true chracter, and Mr. Harris did not think that letter would not help the applicant defense it all. oyeah of course Mr. Harris didñt it would!

Ground for relief six: Trial court found that counsel Mr Harris made reasonable trial strategy decision not to present an insanity defense on this claim. Applicant contents Trial counsel make some exploration of insanity defense but failed to fully investigate all the applicant mental history Mr. Harris fail to pull-up applicant records from the United states social security adminstration because applicant was recieving SSI check for mental illness dieas. In 2007 from 2010 which Mr Harris knew about see: state Habeas "Exhibit" in Ground. Also the state hospital even said the applicant comitted this crime under Ancillary impairment of a psychotic disorder Nos see: Exhibit (A) under Formulation 3 and 9.

Applicant never said he was not involed applicant told Mr Harris he dont remember because Applicant had been off his "meds about six months" before this offense had occurred and that other people said applicant might could been with them when the offense had occured. Applicant that didnt mean he was not involed he just didnt remember at first nothing about the offense because he had been off his meds. see state Habeas Exhibit in this Ground. Mr Harris Just did whatever he wanted, as IF applicant was saying he was not involed and railroaded his own client.

⑧

Ground for relief seven: A Trial court concluded in this Ground the Applicant was suggesting that counsel improperly advised the trial court that he feared his client would commit perjury. This was not the issue that the applicant was complaint about. Mr. Harris action also impermissibly compromised applicant right to testify any further in his own defense.

Applicant contents his 5, b, 14 U.S constitutional Amendment were violated. Also on this Ground see state Habeas Exhibit affidavit on Applicant version of what happened on may 04, 2010

Ground for relief Eight: Trial court found that counsel Mr. Harris made reasonable trial stravegy decision not to request that Applicant be examined for competency before he was remove during trial. Mr. Harris said nothing in the applicant conduct at trial indicated to him that applicant was acting-out because he was inspired by delusions hallucinations voice ordering him to do so or anything else that suggested that his actions were caused by mental illness as opposed to his argumentative and manipulative personality. first all how do Mr Harris know all this was Mr. Harris inside of the applicant head to know what applicant was thinking or feeling at the time of trial.

9

Mr. Harris said that applicant was Argumentative these are key symptoms of a person daignoss was Psychotic disorder delusions result in aggression behavior Also you well put on self-defeating against those that you believe are out harm you. Hallucination they may ongoig criticisms of what you think or do see; mayo clinic Para nord schizophrenia. These are symptoms Applicant was displaying during trial Applicant did affidavit on his actions during Trial. See: State Habeas Exhibit on this Ground.

Ground for relief nine: Trial court conclusded that applicant has failed to prove that counsel failed to obtain Mr. Roney medical records before trial. This is incorrect something aint hard to see Applicant contents its nothing at trial about Mr. Roney medical records. There were no - expert physicians to testify to the type of wound sustained by the victim; nor any - doctor reports. All of this is foond in applicant trial. Mr. Harris was so ineffectivness for not having the requested documented evidence in the initial "clerk record". Also Mr. Harris believe that "he" saw Mr Roney's medical record as part of the state file. What kind of answer is that, Mr. ~~████~~ Harris should know whether he seen them or not. Mr. Harris should have had some notes on Mr Roney

medical report from his own Files about the applicant case. Mr. Harris had notes about every thing else in and his files applicant had copy of Mr. Harris atty client files nothing was in their about Mr. Roney medical records I ~~████~~ wonder why? Mr. Harris concluded that the testimony at trial was consistent with the wound suffered by Mr. Roney. That's unsupported by the record nothing in the paramedic testimony was consistent with what Mr. Roney and state claim Roney injury is from. The Paramedic Tobias Theisen its nothing consistent with his description that Mr. Roney wound was in fact done by bullet.

His testimony characterizing Mr. Roney injury did not support the state's burden of proof. When he labelized Mr. Roney injury as a large mematoma, which he defined as a brusing up area, basically a large bruise. see (RR, vol. 5, P 39: 23-25)

Paramedic testimony said it was an entry wound that looked to be made by a ice-prick, stick or a piece of glass from a broken window see (RR, vol. 5, P 40). The paramedic undermined the state case. But Mr. Harris did not-cross-examine the one-person who could have help applicant case about Mr. Roney injury was not from being shot with a Gun. Mr Harris abound his role to be a trial counsel to defense and help the state convict his own client with-out medical proof from the hospital.

Ground for relief eleventh: Trial court concluded that counsels attempt to advise applicant regarding the states ple-offer was the result of reasonable trial strategy. First of all how how can Mr. Harris recall discussing any Plea-Bargain. If he do not recall if a plea was ever offer see Harris affidavit P. 11. Applicant contents Mr. Harris allowed the offer to expire with-out telling me the final status conf. Plea cut-off date was february 6th 2012 see (RR.vol. 2 P 36:+3) check and see did the applicant sign on that date to rejected the offer for Plea-cut-off date. The reason why becacus Mr. Harris Harris if his client insist to him that he is innocent I do not think I can ethically try to persuade him to accepted a Plea even if the evidence against him is over whelming and Mr. Harris said that is not his practice and it was not his Practice in this case see Harris affidavit. Yes their was a Ple-bargain offer for 20 years (RR.vol. 2 P 46: 16 20) The supreme court now (holds) that as a general rule, defense counsel has duty to communicate formal offers and must be on the record from the prosecution to accept terms and conditions that may be favorable to the accused any exception to that rule need not be explored here for the offer was one with a fixed exprantion date. When the defense counsel allowed the offer to expire with-out advising the defendant to take it or allowing him to consider it. Defense counsel

12

did not render the garanteed effective assistance of counsel the constitution required Missouri v Fryes, 566US 2012 Citation omitted see companioncase Lafler v cooper 566 U.S (2012) (citation omitted).

(note) Applicant contend he persent proof thatcounsel Mr. Harris fell below an objective standard of reasonableness from the evidence in his Exhibits in most of his Grounds for the trial court to turn a Blind eye to the evidence they made Unreasonable determine. of their findings

But it's okay for counsel Mr. Harris to believed and guess and speculate about the evidence. When you all can find out the truth. But the trial court rather done go around the truth and consider Mr Harris made reasonable sound Strategy.

In Smith v McCormick 914 f2d 1153. (9th cir 1990) Expart affidavit are inadequate. to Resolve whether counsel was ineffective.

Grounds for relief four: Trialcourt concluded applicant has failed to prove that counsel should have appointed him new counsel. That finding is incorrect Before Trialstarted applicant made a compliant about his trial counsel undivided loyalty and distrust see (RR. vol. 2 P 38-46) Also when applicant was making the Compliant about his trial counsel actions Mr. Harris did not rebuttal any of them statement by applicant check the record and see: (RR. vol 2 P 38-46) Also Trialcourt was in Error for not telling is Applicant constitution right that he could have a another counsel.

Then his trial counsel was about to become a second prosecutor for state had Mr. Harris would not scared applicant from testifying on the stand. Trialcourt concluded the applicant didn'teeded another lawyer really.

Ground for relief Ten: Trialcourt concluded Applicant has failed to prove that the state presented false testimony Also Applicant has failed to prove that the state failed to disclose evidence.

① First of All Applicant went to trial for A Attempted Capital Murder (A)(C) and was convicted by a jury. In order to constitute this charge Both victim Jaudi Taylor and oscar Roney had to be shot by a Gun. ② There were no-expert physicians to testify to the type of wound sustained by the Victim nor any-doctor reports. all of this is found inapplican trialrecord. It's nothing about Mr. Roney medical No were. The Paramedic "Tobias Theisen" his testimony characterizing Mr. Roney injury did not support the states burden of Proof. when helabelized Mr Rone injury as large mematoma see (RR, Vol. 5 P 39: 23-25) Paramedic testimony said it was an entry wound that looked to bemade by a ice-prck, strck orpiece of glass from a broken window see(RR.Vol. 5 P.40). But Prosecutor mislead the Jury with allusion to nonexistent evidence becausewhen the Paramedic tetify to Mr Roney injury theirs made this reasonable doubt about being shot with aGun the Prosecutor would have Pull-out some kind of documents during trial to prove to the paramedic he was wrong what he believed he was treated Also to show the Jury as well that Mr Roney injury was due to a Gun shot wound.

⑭

some stuff you can see clear because in the record and the record don't die.

The Prosecutor and Mr. Roney said he been shot see (RR vol.4 P 145 - 149) without - medical Proof. IF omitted evidence creates reasonable doubt that did not other wise exist the conviction must be reversed. See <u>Mooney v Holohan</u> 294 U.S 103 55 S.ct. Also In <u>U.S. v Imbrugla</u> 617 F2d. 1, 4 - 5 (1st cir 1980).

## II.
## PREJUDICE

when the trial counsel told the Judge he think his client is about to commit Per Jury and the Judge knew applicant and trial counsel had a conflict intert with each other. when the Prosecutor mislead the Jury with allusions to non-existent evidence that it rendered the trial fundamentally unfair

## III.
## Conclusion

This court should reject the findings of fact not supported by the record and erroneous legal conclusions and order a New trial.

⑮

## PRAYER

Where.fore.the applicant. Pray that this court review the applicant's objections to.the court findings of fact and conclusions of law. Because.applicant did objections to Dist clerk of Tarrant county. on spet 11, 2015. But ~~did~~ they did not give applicant the ten days he's allowed to filed with District court. on sept 02, 2015 they made their Findings of fact and conclusion of law then two days later on sept 04, 2015 the Judge signed off on it, did the "Judge" even look over 11.07. So applicant asking the ~~court~~ Court to consider that than reviews the objection:

Respectfully submitted

Finnis Davis II
TDCJId NO 1779538
McConnell Unit
3001 S. Emily Dr
Beeville, TX 78102

### Certificate of service

A true copy of the above has been mailed to. Court of criminal Appeal. P.O. Box 12308, capitol station, Austin TX 78711.

Finnis Davis II

9-17-15

⑯

# Exhibits

Exhibit -(A) client Recovery-Plan - From North Tx state hospital For Ground six /and Ground Three Ground Eight.

Exhibit-(B) when State filed their Proposed findings of fact and conclusion of law sept 2, 2015.

Exhibit - C The Judge sianina the state recommends on sept 04,2015.

Name: DAVISII,FINNIS        MPI:  277237     Epi:  2                    Admit Date:  10/20/2011

Plan Date:  11/8/11    End Date:        Plan Type: Review and Update    Plan Name:  14 Day Recovery Plan Review

Status:  Finalized 11/9/2011

**Formulation:** Mr. Davis met with the treatment team on 10/28/11, for his multi disciplinary case conference. The patient's primary language is English.

Kennedy sub scales by the treatment team on 10/28/11:

1.Psychological Impairment - 30 as evidenced by his irritability, evasiveness, claims of auditory and visual hallucinations, statements of grandiosity, and claims of impaired memory.
2.Social Skills - 30 as evidenced by his lack of social relationships and lack of understanding of the feelings of others.
3.Violence - 30 as evidenced by his history of physical aggression towards others, including incident leading to most recent arrest.
4.ADL/ Occupational Skills - 30 as evidenced by his educational level, unemployment, and inability to independently maintain a home.
5.Substance Abuse - 50 as evidenced by his history of alcohol and drug use.
6.Medical Impairment - 60 as evidenced by his history of multiple medical problems.
7.Ancillary Impairment - 20 as evidenced by evaluation and/or disposition being made for serious criminal charges such as attempting to murder someone.

Diagnostic Summary and Case Formulation:

1. Reason for Admission: This 41 year old Black male was admitted to North Texas State Hospital - Vernon Maximum Security Unit on 10/20/11 pursuant to Article 46B.073 of the Texas Code of Criminal Procedure after having been found Incompetent to Stand Trial for the charge of Attempted Capital Murder, out of the 396th District Court of Tarrant County, Texas. The patient was committed to this facility for the specific purpose of evaluation and treatment towards the goal of regaining competency to stand trial. Current commitment is set to expire on 02/17/2012.

2. Hypothesis Concerning Patient's Condition: The police report stated that Mr. Davis allegedly shot his ex-girlfriend and the man she was dating with. He was found incompetent to stand trial while housed in the Tarrant County Jail. Patient has received outpatient care services from MHMR of Tarrant County from 02-16-94 to 06-25-09.

3. Statement of Planned Treatment: The primary goal of treatment will be competency restoration. Mr. Davis will be offered psychosocial treatment interventions within the social-learning matrix of activities on the Competency Program and its point economy system. Psychiatric treatment and interventions will include prescribed medications with adjustments as clinically indicated targeting Mr. Davis' psychosis and aggression; medication education targeting increased knowledge, insight, and judgment relative to medication regime, purposes, and management; on-unit psychosocial interventions targeting an increase in safe, appropriate self and interpersonal management skill development, and competency education; Competency Group; Mock Trial; Goal appropriate On-Unit and Central Rehab Group / Classes; and COPSD to treat co-occurring mental illness and substance abuse. Weekly contact with members of the Treatment Team to develop a Personal Safety Plan targeting appropriate management of aggressive / negative impulses; monitor progress towards discharge goal of his return to court as having met the criteria for a competency hearing; Social Worker to contact Tarrant County MHMR Services - Forensic Mental health, Fort Worth, to assist the patient in developing an aftercare and support network.

4. Evidence of Treatment Success / Discharge Criteria: Mr. Davis will pass a formal competency evaluation.

5. Issues Identified but deferred to later time or other Treatment Provider: None at this time.

Mr. Davis was involved in the planning and development of the treatment plan. He does not have a legally authorized representative. Mr. Davis is aware that Tarrant County MHMR Services- Forensic Mental health, Fort Worth will be contacted monthly and provided with updated progress reports. He has signed consent for his sister, and the social worker will provide monthly contact on client's treatment progress and discharge plans. Proposed treatment was explained to the patient and he indicated that he understands the explanation provided.

**Diagnosis:**  From Diagnosis Input - Entry Date: 10/20/2011

Date:    Description:

**Axis I:**

PSYCHOTIC DISORDER NOS
COCAINE DEPENDENCE

**Axis II:**

DIAGNOSIS DEFERRED ON AXIS II, DIAGNOSIS OR CONDITION DEFERRED ON AXIS I

**Axis III:**

ESOPHAGEAL REFLUX
CORONARY ATHEROSCLEROSIS OF UNSPECIFIED TYPE OF VESSEL, NATIVE OR GRAFT
PERSONAL HISTORY OF OTHER INJURY
BACKACHE, UNSPECIFIED
UNSPECIFIED ESSENTIAL HYPERTENSION

*Copy This side only*

/2011

*Exhibit (A) For Groundsix / For Ground Three & Ground Eight*



# SHAREN WILSON

Criminal District Attorney

Tarrant County

September 2, 2015

Mr. Finnis Davis II
TDCJ-ID# 1779538
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

RE:     Davis, Finnis II – Writ No.: C-396-010409-1199412-A

Dear Sir:

Enclosed please find a file marked copy of the State's Proposed Memorandum, Findings of Fact and Conclusions of Law in the above listed case which was filed this date with the Tarrant County District Clerk's Office.

Sincerely,

Frieda McMillin
Litigation Specialist
Post-Conviction

Enclosure

Exhibit - B

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

SEP 04 2015

TIME_____9:43am_____

_____ DEPUTY

NO. C-396-010409-1199412-A

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE 396ᵗʰ JUDICIAL** |
| | § | |
| | § | **DISTRICT COURT OF** |
| | § | |
| **FINNIS DAVIS II** | § | **TARRANT COUNTY, TX** |

## ORDER

The Court adopts the State's Memorandum, Findings of Fact and Conclusions of Law as its own and recommends that the relief FINNIS DAVIS II ("Applicant") requests be **DENIED**. The Court further orders and directs:

1.    The Clerk of this Court to file these findings and transmit them along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

2.    The Clerk of this Court to furnish a copy of the Court's findings to Applicant, Mr. Finnis Davis II, TDCJ-ID# 1779538, McConnell Unit, 3001 South Emily Drive, Beeville, Texas 78102 (or to Applicant's most recent address), and to the post-conviction section of the Criminal District Attorney's Office.

SIGNED AND ENTERED this __4__ day of ___September___, 2015.

_____
JUDGE PRESIDING

1

Exhibit-C

IN THE 396THE DISTICT COURT
of TARRNT COUNTY. TEXAS

EXPARTE

FINNIS DAVIS III

NO. C-396-010409-1199412-A

## INTRODUCTION

THE APPLICANT OBJECTS TO THE STATE'S RESPONSE IN OPPOSSTIONS TO APPLICANTS APPLICANTION FOR WRIT OF HaBeas Corpus. The SL